1
2
3
4
5
6

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

7

STATE OF WASHINGTON,

8                              Plaintiff,

9              v.

10   JAMES JOHN O'HAGAN, et al.,

11                              Defendants.

CASE NO. MC 16-5038 BHS

ORDER REMANDING TO
STATE COURT

12

13          This matter comes before the Court on Defendant James John O'Hagan's

("O'Hagan") notice of removal (Dkt. 1).

14          On December 28, 2016, O'Hagen filed the notice of removal.  Dkt. 1.  On January

15   4, 2017, the Court remanded the matter for lack of jurisdiction.  Dkt. 3.  On January 5,

16   2017, the Clerk posted an affidavit of prejudice that was received on January 3, 2017.

17   Dkt. 4.  On January 12, 2016, the Court vacated the order of remand, declined to recuse,

18   and referred the request to recuse to the Chief Judge.  Dkt. 6.  On January 17, 2017,

19   O'Hagen filed a notice of appeal of the order remanding the matter.  Dkt. 7.  On January

20   18, 2017, the Chief Judge affirmed the undersigned's decision not to recuse.  Dkt. 8.

21   Therefore, the Court will address the notice of remand.

22

Citing 28 U.S.C. § 1446 and Fed. R. Civ. P. 11, O'Hagan seeks removal of his criminal proceeding from Pacific County Superior Court on the grounds that his prosecution in state court contravenes the Constitution of the United States of America, the Washington State Constitution, and other federal and state laws. Dkt. 1 at 1–2.

First, the Court notes that 28 U.S.C. § 1446 was amended in 2011 so that it now applies only to civil matters. 28 U.S.C. § 1446 ("A defendant or defendants desiring to remove any *civil action* from a State court shall file in the district court of the United States . . . .") (emphasis added). The procedures for removing a criminal proceeding to federal court are set forth in 28 U.S.C. § 1455, which provides:

> A defendant or defendants desiring to remove any criminal prosecution from a State court shall file in the district court of the United States for the district and division within which such prosecution is pending a notice of removal . . . containing a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant or defendants in such action.

28 U.S.C. § 1455(a).

"There is no right of removal of a [criminal] case such as this to the United States District Court. It is a privilege granted by Congress . . . ." *Maurietta v. State of Ariz.*, 395 F.2d 210, 211 (9th Cir. 1968). Only three statutes provide for the removal of criminal actions to federal court, namely 28 U.S.C. §§ 1442 ("Federal officers or agencies sued or prosecuted"), 1442(a) ("Members of armed forces sued or prosecuted"), and 1443 ("Civil rights cases"). *See Washington v. Tibbits*, MC08-5006RBL, 2008 WL 1924187, at *1 (W.D. Wash. Apr. 25, 2008).

1    O'Hagan has failed to make a simple statement supporting removal that addresses

2    any of these grounds. Nonetheless, O'Hagan's invocation of numerous Constitutional

3    amendments suggests that he pursues removal pursuant to 28 U.S.C. § 1443(1).[1]

4        Regarding the removal of criminal actions under § 1443(1) due to the violation of

5    civil rights, the Supreme Court has stated:

6        [I]t must appear that the right allegedly denied the removal petitioner arises
         under a federal law 'providing for specific civil rights stated in terms of
7        racial equality.' Claims that prosecution and conviction will violate rights
         under constitutional or statutory provisions of general applicability or under
8        statutes not protecting against racial discrimination, will not suffice.

9    *Johnson v. Mississippi*, 421 U.S. 213, 219 (1975) (quoting *State of Ga. v. Rachel*, 384

10   U.S. 780, 792 (1966)). *See also Patel v. Del Taco, Inc.*, 446 F.3d 996, 999 (9th Cir.

11   2006).

12       It is clear from the notice of removal that O'Hagan does not complain of any

13   potential violations of the specified federal rights that authorize removal under 28 U.S.C.

14   § 1443(1). Moreover, even if O'Hagan had implicated violations of the racial protections

15   addressed in § 1443(1), he has failed to support his allegations with any "reference to a

16   state statute or a constitutional provision that purports to command the state courts to

17   ignore the federal rights." *Patel*, 446 F.3d at 999 (quoting *California v. Sandoval*, 434

18   F.2d 635, 636 (9th Cir. 1970)). Because it is apparent on the face of the notice that

19   O'Hagan lacks grounds for removal, the Court must remand the case. 28 U.S.C. §

20   1455(b)(4) ("If it clearly appears on the face of the notice and any exhibits annexed

21   _____

22       [1] Moreover, it appears that O'Hagan intended to cite 28 U.S.C. § 1443 when he cursorily
     referenced "28 U.S.C. section 1143," a statute that does not exist. *See* Dkt. 1 at 2:18.

1   thereto that removal should not be permitted, the court shall make an order for summary

2   remand.").

3       The Clerk shall **REMAND** this matter to the Superior Court of Washington in and

4   for Pacific County and close this case.

5       **IT IS SO ORDERED**.

6       Dated this 19th day of January, 2017.

7

8   _____

9   BENJAMIN H. SETTLE
    United States District Judge

10

11

12

13

14

15

16

17

18

19

20

21

22

ORDER - 4